**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARIO BANEGAS,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 08-5348** |
| | : | |
| **JOHN HAMPTON et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                 **April 27, 2009**

Mario Banegas has moved to serve defendant John Hampton by alternate means pursuant to Pennsylvania Rule of Civil Procedure 430. Because his attempt to serve Hampton at the last known address was unsuccessful, Banegas seeks leave to serve by publication. For the reasons that follow, I will deny the motion.

**I. Background**

Mario Banegas, an inmate incarcerated at the Chester County Prison located in West Chester, Pennsylvania, was physically beaten in his cell by an inmate who was allowed in by two of the prison's corrections officers. These officers made no attempt to stop the assailant or otherwise aid Mr. Banegas and were charged with crimes for their actions.

Mr. Banegas was housed in the Restricted Housing Unit at Chester County Prison. (Compl.¶ 25.) John Hampton and Charles Goodman were corrections officers at the prison. (Id. ¶¶ 7–8.) Mr. Stephon Gilchrist is an inmate who was housed at the Chester

Country Prison during the relevant time; he has since been relocated to another facility. (Id. ¶ 9.)  Banegas and Gilchrist were both in the Restricted Housing Unit but housed in separate cells.  (Id. ¶¶ 25, 28.)

At some prior time, Mr. Banegas had made statements criticizing Islam to Mr. Gilchrist who is a Muslim.  (Id. ¶ 29.)  Officers Hampton and Goodman knew that Mr. Banegas had made such statements and conspired with Gilchrist to attack Banegas.  (Id. ¶ 30.)

On March 18, 2007, Hampton, Goodman, and Gilchrist put their plan into action. The officers asked a colleague to open the door to Mr. Banegas' cell.  (Id. ¶ 30.)  The officers then allowed Gilchrist to enter and attack Banegas.  (Id. ¶ 31.)  They made no attempt to restrain Gilchrist or otherwise protect Banegas.  (Id.)  Banegas lost consciousness and suffered a broken rib.  (Id. ¶ 35.)  He incurred approximately $3500 in medical costs.  (Id. ¶ 38.)

On June 8, 2007, Officers Hampton and Goodman were criminally charged for their role in the attack and for making unsworn falsifications to investigating authorities.[1] (Id. ¶¶ 40–41.)  On November 26, 2007, both officers pleaded guilty.  (Id. ¶¶ 42–43.) Both are currently serving five year probation terms as part of their guilty pleas.  (See Pl.'s Mot. for Extension of Time to Serve ¶ 10 (Document #11).)

Through his agent, Mr. Banegas unsuccessfully attempted to serve Mr. Hampton

---

[1] The officers allegedly lied to investigators and stated that Mr. Banegas' injuries were self-inflicted.  (Compl. ¶ 40.)

on January 7, 2009, at the address of 5726 Spruce Street, Philadelphia, Pennsylvania.

(Pl.'s Mot. for Alternate Means of Service ¶ 1 (Document #12).)  The service agent was

told that Hampton had moved away and that his current address is unknown.  (Id. ¶ 2.)

No other service attempt appears to have been made.

On March 11, 2009, Mr. Banegas filed a motion requesting a court order directing

the Chester County Adult Probation and Parole Department to provide any information it

had on Mr. Hampton's whereabouts.  (See Pl.'s Mot. for Extension of Time to Serve ¶

13.)  Shortly thereafter, Mr. Guy Donatelli, Esquire, counsel for defendants Warden

Edward McFadden, the Chester County Prison Board, and the County of Chester,

contacted the Probation and Parole Department and provided plaintiff's counsel with the

address on record with the department.  (Pl.'s Mot. for Alternate Means of Service ¶¶

4–5.)  This address turned out to be the same as the one used by the service agent on

January 7, 2009.  (Id. ¶ 6.)

Mr. Banegas moves to serve Mr. Hampton by publication, pursuant to Federal

Rule of Civil Procedure 4(e)(1) and Pennsylvania Rule of Civil Procedure 430.  He

alleges that Mr. Hampton is evading service by "instructing other residents where he lives

to deny that he lives at [that ] address," and that "further inquiry into Defendant

Hampton's whereabouts will be futile because he is believed to be hiding out at the

address provided by [Mr. Donatelli.]"  (Id. ¶¶ 7, 10.)  He proposes to make service by

one-time publication in the official legal journal of the Philadelphia Court of Common

Pleas and in a newspaper of general circulation in the Philadelphia.  (Id. ¶ 12.)

## II. Legal standard

Due process requires that service of process be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  Calabro v. Leiner, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).  According to Federal Rule of Civil Procedure 4(e), service may be effected pursuant to the law of the state in which the district court is located.  Pennsylvania Rule of Civil Procedure 430(a) provides that if service cannot be made under the applicable rules, "the plaintiff may move the court for a special order directing the method of service."  The rule requires that any such motion be accompanied by an affidavit "stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."  PA. R. CIV. P. 430(a); see also Johnson v. Jackson, 2004 U.S. Dist. LEXIS 463, 2004 WL 73729, at *1 (E.D. Pa. Jan. 6, 2004).

In order to demonstrate that the remedy is appropriate, the plaintiff must satisfy three conditions: (1) the plaintiff must make a good faith effort to locate the defendant; (2) the plaintiff must show that he has made practical efforts to serve the defendant under the circumstances; and (3) the plaintiff's proposed alternate means of service "must be

-4-

reasonably calculated to provide the defendant with notice of the proceedings against him." <u>Premium Payment Plan v. Shannon Cab Co.</u>, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007) (citing <u>Calabro</u>, 464 F. Supp. 2d at 472) (internal quotations omitted); <u>see also</u> <u>Flannigan v. Borough of Ambridge</u>, 2007 U.S. Dist. LEXIS 7312, 2007 WL 404010, at *2 (W.D. Pa. Feb. 1, 2007).

## III. Discussion

I will deny the request to serve by alternate means because Mr. Banegas fails to meet the second condition for granting leave.[2]  He has not satisfied his burden of demonstrating that he has made reasonable efforts to serve Mr. Hampton.  "Half-hearted attempts at service will not do." <u>Calabro</u>, 464 F. Supp. 2d at 473.  Depending on the circumstances, the plaintiff may be required to attempt to make service at different times of day or on different days of the week.  <u>Id.</u> at 472.  Courts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service, <u>United States v. Muhammed</u>, 2009 WL 605996, at *2 (E.D. Pa. Mar. 9, 2009) (Bartle, J.), or "repeated attempts . . . including a stake out," <u>Premium Payment Plan</u>, 2007 WL 2319776, at *1–2.  On the other hand, courts have found efforts to be insufficient where

---

[2] As to the first step, Mr. Banegas has made a good faith effort to locate Mr. Hampton by making online searches of his address in connection with Hampton's criminal case, (<u>see</u> Pl.'s Mot. for Extension of Time to Serve ¶ 11), and conferring with Mr. Donatelli to get the pertinent information on file with the Probation and Parole Department (<u>see</u> Pl.'s Mot. for Alternate Means of Service ¶¶ 4–6).

three attempts were made with two falling on the same day of the week and two occurring at the same time of day, Calabro, 464 F. Supp. 2d at 473, or when two attempts were made on consecutive days of the week with the first being made to a vacant office, Barbosa v. Dana Capital Group, Inc., 2009 WL 902339, at *6 (E.D. Pa. Mar. 31, 2009) (Gardner, J.).  I am not convinced that Banegas has made a sufficiently reasonable effort to serve Hampton.  The number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical, but it is certainly probative.  To claim that the single service attempt under these circumstances satisfies the practical efforts standard requires a substantial reinterpretation of the standard itself.

Indeed, rather than giving up, Banegas is now positioned to renew his efforts to serve the summons and complaint upon Hampton.  Banegas has made only one attempt, and was not sure whether it was correct at the time.  He has now confirmed that it is Hampton's likely residence.  Accordingly, I do not find that he has satisfied the second condition.

Banegas contends that further service attempts would be futile because Hampton is attempting to evade service.  (Pl.'s Mot. for Alternate Means of Service ¶¶ 7, 10.)  This is in serious tension with his statement that "[Hampton] is believed to be hiding out" at the address in Banegas' possession.  (Id. ¶ 10.)  If Hampton is there, then Banegas should make additional attempts to serve.  See, e.g., Premium Payment Plan, 2007 WL 2319776,

at *1 (finding that reasonable efforts had been made when the plaintiff had made "several attempts" to serve a corporation through an officer authorized to receive service, the individuals within the officer's residence refused to come to the door, and the plaintiff (or the service agent) unsuccessfully staked-out the officer's residence).  If these further attempts prove to be unsuccessful, then Banegas' claim that Hampton is evading service gains additional credibility, and the facts would be tilted in favor of allowing service by alternate means.  On the basis of only one attempt at an address believed to be correct, Banegas' argument that further attempts would be futile is unpersuasive.  In short, the pending motion is premature.

Because Mr. Banegas has failed to demonstrate that he has satisfied the second condition of Rule 430, I do not consider whether his proposed method of service is "reasonably calculated to provide [the defendant] with notice of the proceedings against [him.]"  Morgan Truck Body, 2008 WL 746827, at *7.


**IV. Conclusion**

For the foregoing reasons, I will deny without prejudice the motion for leave to serve by alternate means.  An appropriate Order follows.