IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIO BANEGAS,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 08-5348 |
| | : | |
| **JOHN HAMPTON et al.,** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                             May 20, 2009

Mario Banegas requests the court to reconsider its order dismissing defendant Charles Goodman. Mr. Banegas also requests a default judgment be entered against Mr. Goodman. I will deny the motion.

**I. Background**

The facts relevant to this motion are not in dispute. Mario Banegas is an inmate at Chester County Prison. (Compl. ¶ 24.) He was housed in the facility's Restricted Housing Unit. (Id. ¶ 25.) John Hampton and Charles Goodman were corrections officers at the prison. (Id. ¶¶ 7–8.) Mr. D. Edward McFadden is the prison's warden. (Id. ¶ 6.) Mr. Stephon Gilchrist is an inmate who was housed at the Chester Country Prison during the relevant time; he has since been relocated to another facility. (Id. ¶ 9.) Banegas and Gilchrist were both in the Restricted Housing Unit but housed in separate cells. (Id. ¶¶ 25, 28.)

On November 12, 2008, Mr. Banegas filed a complaint against Officers Hampton

and Goodman, Mr. Gilchrist, Warden McFadden, the Prison Board, and the County for physical injuries he sustained in March of 2007.[1]  A copy of the summons and complaint was served upon Mr. Goodman on January 7, 2009.  (See Aff. of Service upon Charles Goodman (Document #6).)  He filed no responsive pleading.

On March 26, 2009, the court sent a letter to Mr. Banegas' attorney informing him that Banegas could file a request for entry of a default if Mr. Goodman failed to file a pleading on or before Friday, April 3, 2009.  (See Pl.'s Mot. for Recons. Ex. A.)  Additionally, Banegas' attorney was informed the court may issue an order terminating Mr. Goodman for lack of prosecution if a request for default was not filed by Monday, April 6, 2009.  (Id.)  No request for default was submitted, and Goodman was terminated from this case on April 8, 2009

## II. Standard of review

A court deciding a motion for reconsideration may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-

---

[1] The underlying facts relating to Mr. Banegas' injuries have been discussed in this court's prior Memorandum and Order (Documents #16-17) denying in part and granting in part the defendants' motion to dismiss.  They have no bearing on the decision here.

Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  See also Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.").  The Local Rules of Civil Procedure for the Eastern District of Pennsylvania provide that "[m]otions for reconsideration or reargument shall be served and filed within ten (10) days after the entry of the judgment, order, or decree concerned."  E.D. PA. R. CIV. P. 7.1(g).

"A motion for reconsideration is not intended to provide a losing party with a second bite at the apple."  Yang v. AstraZeneca, No. 04-4626, 2005 U.S. Dist. LEXIS 18567, at * 2-3 (E.D. Pa. Aug. 29, 2005).  It "is not properly grounded on a request that a court reconsider repetitive arguments that have been fully examined by the court."  Tobin v. Gen. Elec. Co., No. 95-4003, 1998 U.S. Dist. LEXIS 693, at *4 (E.D. Pa. Jan. 27, 1998).  The motion should "address[] only factual and legal matters that the court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through - rightly or wrongly."  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citations and internal alterations omitted).  "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration."  Harson Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

**III. Discussion**

I will deny the motion. Mr. Banegas points to no intervening change in controlling law, no new evidence, and no alleged error of law or fact. Consequently, his motion proceeds on whether the order should be altered or amended to prevent manifest injustice.

Banegas states he was provided only one business day to request the entry of default.[2] He argues, "[A] window of only one business day in which to file a request for default judgment or suffer dismissal for lack of prosecution does not provide reasonable time for counsel to take action on a non-emergency aspect of the case." (Pl.'s Mot. for Recons. ¶ 7.) The time provided by the court was also too short "in light of the fact that dismissal of the subject defendant [Goodman] would not end the case or otherwise determine all matters because the complaint does not seek a fixed sum of money against [Goodman] and damages would need to be determined at trial or in another hearing anyway." (Id. ¶ 8.)

Neither statement demonstrates Banegas suffered manifest injustice. He has presented no controlling authority suggesting one business day to file a request with the court is inadequate. Moreover, his claim that he had only one day is wholly erroneous. The record indicates he has had months to file his request, but failed to prosecute his case. Upon being served on January 7, 2009, Goodman had twenty days to respond. See FED. R. CIV. P. 12(a)(1)(A)(i). When Goodman failed to respond, Banegas was permitted to

---

[2] Per the court's letter, Goodman was permitted to file a response by Friday, April 3, 2009, and Banegas had to submit his request for an entry of default by Monday, April 6, 2009.

-4-

request the clerk to enter default.  He did not do so and failed to take any action against Goodman for nearly two months.  The court's letter was sent more than a week before the specified date for filing a request for entry of default.  Again, no action was taken.

Banegas has made no allegations that dismissing Goodman would be unduly prejudicial or contrary to the interests of justice.  My review of the record indicates that dismissing Goodman does not end Mr. Banegas' case.  Five parties are still listed as active defendants in this matter.  As a result, at least some of Banegas' claims may be adjudicated on the merits.

### IV. Conclusion

For the foregoing reasons, I will deny the motion to reconsider.  An appropriate order follows.